UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CONNORS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>HOME LOAN CORP. dba EXPANDED<br>MORTGAGE CREDIT, *et al.*<br><br>　　　　　Defendants. | Civil No. 08cv1134-L(LSP)<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER [doc. #5] and ENJOINING THE SALE OF PROPERTY; TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

　　　　Plaintiff Richard A. Connors ("Connors" or "plaintiff") filed this action on June 24, 2008, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 *et seq.*; breach of fiduciary duty; breach of covenant; to quiet title; and for declaratory relief.  Plaintiff initially sought a temporary restraining order ("TRO") with notice to prevent a foreclosure sale of his home on July 3, 2008 by defendants.  A hearing on the TRO was set and held on July 2, 2008, at which time the Court denied without prejudice the temporary restraining order for failure to demonstrate a likelihood of success on the merits or that serious questions were presented.

　　　　Plaintiff has filed a second TRO that is filed with notice as to defendant Cal-Western Reconveyance Corp.  The Court held a hearing on the second TRO again finding irreparable harm and that the balance of hardships tips strongly in plaintiff's favor.

1  The second TRO sets forth as a basis for injunctive relief RESPA, 12 U.S.C. § 2605, a section that is not alleged in the complaint. Plaintiff complaint alleges a cause of action under RESPA, 26 U.S.C. § 2607, which addresses the prohibition against kickbacks and unearned fees which was not supported in the original TRO application. The Court has permitted plaintiff to orally amend the complaint to allege a cause of action under section 2605 and to file an amended complaint within 24 hours of the filing of this Order. Plaintiff was sworn and testified that he never received notice of the assignment, sale or transfer of his loan. Based on this testimony, the Court finds that serious questions have been raised and a TRO will issue.

Good cause appearing, plaintiff's second application for TRO is **GRANTED**. Cal-Western is enjoined from conducting a sale of the subject property pending a determination on a preliminary injunction. Bond is waived. **IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within 24 hours of the filing of this Order. **IT IS FURTHER ORDERED** that plaintiff shall file and served all defendants with a motion for preliminary injunction not later than **Monday, July 7, 2008 at 12:00 p.m.** Defendants shall file a response in opposition to the motion for preliminary injunction not later than **Friday, July 11, 2008 at 5:00 p.m. IT IS FURTHER ORDERED** that a hearing on plaintiff's motion for preliminary injunction shall be held on **Tuesday, July 15, 2008 at 10:00 a.m.** in Courtroom 14.

**IT IS SO ORDERED**.

DATED: July 2, 2008 at 4:55 p.m.

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL