UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CONNORS,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>HOME LOAN CORP. dba EXPANDED  )<br>MORTGAGE CREDIT, *et al.*  )<br>  )<br>Defendants.  )<br>  ) | Civil No. 08cv1134-L(LSP)<br><br>**ORDER EXTENDING TEMPORARY RESTRAINING ORDER [doc. #7]; REQUIRING SERVICE OF PROCESS; SETTING BRIEFING AND PRELIMINARY INJUNCTION DATES** |

The Court granted plaintiff's application for a temporary restraining order on July 2, 2008 [doc. #7] at which time a hearing on a preliminary injunction was set for July 15, 2008. The initial preliminary injunction hearing was continued because there was an insufficient showing that the defendants had been served with the Summons, Amended Complaint and motion for preliminary injunction. A subsequent hearing on plaintiff's motion for preliminary injunction was held on July 18, 2008. Again no defendants appeared at the hearing and there remained issues concerning service of process on all defendants of all the documents filed by plaintiff.[1]

---

[1] For example, the certificate of service for U.S. Bank National Association as trustee for Credit Suisse First Boston Heat-205-2 (doc. #18-8) states that documents were served on US Bancorp on June 27, 2008 to the authorized agent for service. The documents listed as served include: the Summons, the initial Complaint, Civil Cover Sheet and Notice of emergent [sic] hearing for TRO. But there is nothing in the certificate of service stating that U.S. Bank National Association was served with the Amended Complaint; the Order granting the TRO and setting the hearing on the motion for preliminary injunction; and the motion for preliminary injunction.

Upon review of the certificates of service provided by plaintiff, it was clear defendant America's Servicing Company ("ASC") had received no notice of this action because plaintiff mistakenly believed that Pite Duncan LLP was authorized to accept service of process on behalf of ASC.   Prior to the continued preliminary injunction hearing, the Court and plaintiff received a letter from counsel for Cal-Western Reconveyance Corp. ("CWRC") that stated: "Please allow this letter to definitively confirm to the Court and plaintiff that Pite Duncan LLP is not authorized to accept service of process for any defendant except CWRC in this matter and does not represent any party except CWRC."  (Letter dated July 18, 2008 from Thomas N. Abbott, Pite Duncan LLP.)   The Court therefore concluded that it could not enter a preliminary injunction as ASC received no notice of this action.  *See* FED. R. CIV. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

A court may extend a TRO beyond the 10 day period set forth in Rule 65(b)(2) upon a showing of good cause.  The reasons for the extension must be entered in the record.  *Id.*  Here, the Court finds good cause to maintain the TRO for an additional period of time.  The Court finds, as it did in granting the TRO, that the imminent foreclosure of plaintiff's residence presents a real and significant threat of irreparable harm, s*ee Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n.*, 840 F.2d 653, 661 (9th Cir. 1988) (foreclosure of real property irreparable harm), and on balance, the harm likely to result to plaintiff from foreclosure substantially outweighs any financial harm to defendants if the restraining order is not continued.  Further, because of the gravity of the consequences to him if the TRO is lifted, plaintiff should not be harmed as a result of his counsel's inability to properly effectuate service of documents and her lack of understanding of the notice offered by the Court's electronic case filing procedures.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. The temporary restraining order entered on July 2, 2008 shall remain in full force and effect and defendants are enjoined from conducting a sale of the subject property pending further proceedings in this matter;

2. Plaintiff shall effectuate service of process on defendant ASC not later than Friday,

July 25, 2008.  Plaintiff shall also file a declaration setting forth the documents that have been served on each of the defendants and the manner of service used not later than Friday, July 25, 2008;

3.  Plaintiff shall serve a copy of this Order on all defendants not later than July 23, 2008.[2]

4.  Defendants shall file any response to the motion for preliminary injunction not later than August 1, 2008.

5.  The motion for preliminary injunction shall be heard on **August 8, 2008 at 10:00 a.m.** in Courtroom 14.

**IT IS SO ORDERED**.

DATED:  July 18, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2]  Plaintiff is again admonished that the Court's electronic filing process – CM/ECF – will not provide notice to any entity that has not made an appearance in this action.