1  EDWARD D. VOGEL, Cal. Bar No. 110081
   evogel@sheppardmullin.com
2  J. BARRETT MARUM, Cal. Bar No. 228628
   bmarum@sheppardmullin.com
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
4      Including Professional Corporations
   501 West Broadway, 19th Floor
5  San Diego, California  92101-3598
   Telephone:    619-338-6500
6  Facsimile:    619-234-3815

7  Attorneys for Defendant
   AMERICA'S SERVICING COMPANY
8

9

                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11

12

13 | RICHARD A. CONNORS, an individual,    | Case No. 08 CV 1134 L LSP
14 |           Plaintiff,                   | **AMERICA'S SERVICING COMPANY'S REQUEST FOR CONTINUANCE AND PRELIMINARY OPPOSITION TO RICHARD A. CONNORS' MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION**
15 |    v.                                  |
16 | HOME LOAN CORP. dba EXPANDED MORTGAGE CREDIT, a Texas Corp., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) a Delaware Corp., U.S. BANK NATIONAL ASSOCIATION, as trustee for CREDIT SUISSE FIRST BOSTON HEAT-2005-2, AMERICA'S SERVICING COMPANY, CAL WESTERN RECONVEYANCE CORP., a California Corporation., |
   |                                        | The Hon. M. James Lorenz
   |                                        |
   |                                        | Date:      August 8, 2008
   |                                        | Time:      10:00 a.m.
   |                                        | Crtrm.:    14
   |           Defendants.                  |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendant America's Servicing Company ("ASC") hereby responds to Plaintiff Richard A. Connors' ("Plaintiff") Motion for Issuance of Preliminary Injunctions as follows:

ASC's counsel received a copy of Plaintiff's First Amended Complaint ("FAC") on July 24, 2008. ASC's counsel has, however, not yet been able to verify whether Plaintiff properly served ASC with the FAC or the date on which Plaintiff did so. In addition, ASC's counsel has only recently obtained copies of Plaintiff's filings related to his request for a temporary restraining order and preliminary injunction and the Court's rulings regarding those requests from the Court's docket. ASC's counsel has not received these filings from ASC, nor has ASC's counsel been able to determine whether Plaintiff has served ASC with them or otherwise transmitted them to ASC. Moreover, ASC's counsel has not yet received ASC's file relating to this loan.

ASC's counsel contacted Plaintiff's counsel on July 31, 2008 to determine whether she believed Plaintiff had properly served ASC with the FAC and the filings and orders related to Plaintiff's temporary restraining order and preliminary injunction request. Plaintiff's counsel informed ASC's counsel that she had served ASC and that she would provide ASC's counsel with a proof of service to that effect later that afternoon. To date, however, Plaintiff's counsel has not transmitted that proof of service to ASC's counsel nor has she filed a declaration demonstrating proper service as required by this Court's July 18, 2008 Order. (Doc. No. 19 at 2-3.)

For these reasons, ASC respectfully requests that the Court, schedule permitting, continue the hearing and associated briefing deadlines regarding Plaintiff's motion for a preliminary injunction for two weeks to August 22, 2008. ASC notes that Plaintiff admits that he has not made all payments due on his mortgage and that he received a notice of default as a result. (Declaration of Richard Connors ¶ 11.) It appears Plaintiff is now seeking to use alleged technical violations of the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collections Practices Act ("FDCPA") to avoid his admitted default of his obligations under his mortgage. Even if the Court takes Plaintiff's allegations as true and assumes that Defendants violated RESPA and/or the FDCPA (which ASC disputes), ASC's preliminary research indicates that Plaintiff still

1  is not entitled to the injunctive relief he seeks.[1]  A continuance will give ASC time to more fully
2  evaluate Plaintiff's motion, prepare an appropriate substantive response to it and to address the
3  service issues highlighted above with Plaintiff's counsel.  Nor will this continuance prejudice
4  Plaintiff in any fashion as ASC will stipulate to an extension of the Court's Temporary Restraining
5  Order through the new date the Court sets for the hearing on Plaintiff's motion.
6  Dated:  August 1, 2008

                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                            By            /s/ J. Barrett Manum
                                              Edward D. Vogel
                                              J. Barrett Marum
                                    Attorneys for America's Servicing Company

---

[1]  At this point, ASC intends to oppose Plaintiff's motion as its preliminary review of Plaintiff's motion shows that neither of the two causes of action upon which Plaintiff bases his motion actually support equitable relief blocking the foreclosure sale of his home. *See* 12 U.S.C. 2615 ("Nothing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan."); *In re Klinger*, 2007 WL 1795877 * 5 (Bankr. D. Conn. 2007) ("Moreover, failure to comply with RESPA does not adversely affect the validity or enforceability of the Note."); *Security Pacific National Bank v. Robertson*, 1997 WL 561235 * (Conn. Sup. Ct. August 28, 1997) (RESPA violations not a defense to a foreclosure action); *Palmer v. Stassinos*, 233 F.R.D. 546, 548 (N.D. Cal. 2006) (holding that injunctive relief is not available to private litigants under the Fair Debt Collections Practices Act).

1                                  PROOF OF SERVICE

2            STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

3          I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

        On **August 1, 2008**, I served the following document(s) described as

**AMERICA'S SERVICING COMPANY'S REQUEST FOR CONTINUANCE AND PRELIMINARY OPPOSITION TO RICHARD A. CONNORS' MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTION**

        on the interested party(ies) in this action addressed as follows:

**Electronic Mail Notice List**

**The following are those who are currently on the Court's list to receive e-mail notices for this case.**

| | |
|---|---|
| Thomas N Abbott<br>Pite Duncan LLP<br>P. O. Box 12289<br>El Cajon, CA 92022-2289<br>619.326.2459<br>Fax: 619.326.2430<br>tabbott@piteduncan.com | Attorney for Defendant<br>Cal Western Reconveyance Corp. |
| Janis L Turner<br>Law Offices of Janis L. Turner<br>2515 Camino del Rio South<br>Suite 242B<br>San Diego, CA 92108-3737<br>619.718.4800<br>Fax: 619.718.4815<br>jlt@janturnerlaw.com | Attorney for Plaintiff<br>Richard A. Connors |

**Also served on the interested party(ies) in this action as follows:**

| | |
|---|---|
| | |

| | | |
|---|---|---|
|1| | |
|2|☐|**BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.|
|5|☐|**BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.|
|8|☐|**BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 619-234-3815. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.|
|12|☐|**BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).|
|14|☐|**STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.|
|15|☒|**FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.|

Executed on **August 1, 2008**, at San Diego, California.

_____
Michele McConnell

W02-WEST:8JBM1\400977432.1                -2-