EDWARD D. VOGEL, Cal. Bar No. 110081
J. BARRETT MARUM, Cal. Bar No. 228628
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:    619-338-6500
Facsimile:    619-234-3815
evogel@sheppardmullin.com
bmarum@sheppardmullin.com

Attorneys for Defendants America's Servicing Company and U.S. Bank, N.A.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CONNORS, an individual,<br><br>                   Plaintiff,<br><br>         v.<br><br>HOME LOAN CORP. dba EXPANDED MORTGAGE CREDIT, a Texas Corp., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS) a Delaware Corp., U.S. BANK NATIONAL ASSOCIATION as trustee for CREDIT SUISSE FIRST BOSTON HEAT-2005-2, AMERICA'S SERVICING COMPANY, CAL WESTERN RECONVEYANCE CORP., a California Corp.,<br><br>                   Defendants. | Case No. 3:08-cv-01134-L-LSP<br><br>**DEFENDANTS AMERICA'S SERVICING COMPANY AND U.S. BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT  [FRCP 12(b)(6)]**<br><br>Date:            October 14, 2008<br>Time:            10:30 a.m.<br>Crtrm:           14<br><br>The Hon. M. James Lorenz<br><br>[Complaint Filed:  6/24/08 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 14, 2008 at 10:30 a.m., or as soon thereafter as the matter may be heard by the Honorable M. James Lorenz, in Courtroom 14 of the United States District Court, Southern District of California, located at 940 Front Street, San Diego, California 92101, Defendants America's Servicing Company and U.S. Bank, N.A. will move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Richard A. Connors' ("Plaintiff") first, second, third, fifth and sixth causes of action asserted in Plaintiff's First Amended Complaint against Defendants America's Servicing Company and U.S. Bank, N.A. for failure to state a claim upon which relief may be granted and/or as barred by the statute of limitations.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file herein, any matter of which the Court may take judicial notice and upon such oral argument as may be presented at the hearing on the Motion.

Dated: August 13, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      /s/ J. Barrett Marum

J. BARRETT MARUM
Attorneys for Defendants America's Servicing Company and U.S. Bank, N.A.

1  EDWARD D. VOGEL, Cal. Bar No. 110081
   J. BARRETT MARUM, Cal. Bar No. 228628
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
3     Including Professional Corporations
   501 West Broadway, 19th Floor
4  San Diego, California  92101-3598
   Telephone:    619-338-6500
5  Facsimile:    619-234-3815
   evogel@sheppardmullin.com
6  bmarum@sheppardmullin.com

7

8  Attorneys for Defendants America's Servicing
   Company and U.S. Bank, N.A.
9

10
                    UNITED STATES DISTRICT COURT
11
                   SOUTHERN DISTRICT OF CALIFORNIA
12

13
   RICHARD A. CONNORS, an individual,        Case No. 3:08-cv-01134-L-LSP
14
                     Plaintiff,              **MEMORANDUM OF POINTS AND**
15                                           **AUTHORITIES IN SUPPORT OF**
         v.                                  **AMERICA'S SERVICING COMPANY'S**
16                                           **AND U.S. BANK, N.A.'S MOTION TO**
   HOME LOAN CORP. dba EXPANDED              **DISMISS PLAINTIFF'S FIRST**
17 MORTGAGE CREDIT, a Texas Corp.,           **AMENDED COMPLAINT**
   MORTGAGE ELECTRONIC
18 REGISTRATION SYSTEMS (MERS) a             Date:       October 14, 2008
   Delaware Corp., U.S. BANK NATIONAL        Time:       10:30 a.m.
19 ASSOCIATION as trustee for CREDIT         Crtrm:      14
   SUISSE FIRST BOSTON HEAT-2005-2,
20 AMERICA'S SERVICING COMPANY, CAL          The Hon. M. James Lorenz
   WESTERN RECONVEYANCE CORP., a
21 California Corp.,
                                             [Complaint Filed:  6/24/08
22                   Defendants.

23

24

25

26

27

28

                                        -1-                 MEMORANDUM OF POINTS AND
   W02-WEST:8JBM1\400985138.1                                              AUTHORITIES

**I.**

**INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC") asserts eight causes of action ranging from alleged violations of various federal statutes that regulate lenders' conduct to alleged breaches of fiduciary duty and the covenant of good faith and fair dealing. Stripped to its essentials, however, Plaintiff's FAC is nothing more than an attempt to seize upon alleged technical statutory violations to stave off the foreclosure proceedings instituted upon Plaintiff's admitted failure to make his monthly mortgage payments. (FAC ¶¶ 19-20.) Plaintiff's claims for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), breach of fiduciary duty and breach of the covenant of good faith and fair dealing are insufficiently pled, time-barred and/or not legally cognizable against America's Servicing Company ("ASC") and US Bank, N.A. ("US Bank"). All are subject to dismissal as a result.

Plaintiff's three remaining claims meet the bare minimum federal notice pleading standards. Nevertheless, ASC and US Bank are confident that as this case progresses, they will be able to quickly dispose of those claims as well through appropriate motion practice. For the time being, however, the Court's task is clear: to narrow the issues in this case (at least with respect to ASC and US Bank) by dismissing the insufficiently pled and time-barred claims discussed below.

**II.**

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss

pursuant to Rule 12(b)(6), the court must assume the truth of all properly pled factual allegations and must construe them in the light most favorable to the nonmoving party. *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996). Nevertheless, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

### III.

### DISCUSSION

A. <u>Plaintiff's First Cause of Action for Violation of TILA is Time Barred and Insufficiently Pled</u>

Plaintiff alleges that defendants violated TILA by refusing to "validate and otherwise make a full accounting and required disclosures as to the true finance charges and fees[,]" "improperly retain[ing] funds belonging to Plaintiff[,]" and refusing to "disclose the status of the ownership of said loans." (FAC ¶ 28.) According to Plaintiff, this conduct violates some unspecified provision of 15 U.S.C. § 1611, *et. seq.* Plaintiff is mistaken.

Assuming that Plaintiff had properly pled a cause of action arising under TILA (he has not for the reasons discussed below), the allegations in the FAC demonstrate conclusively that his claim is time-barred. TILA provides two remedies that are potentially at issue in this action: damages and rescission.

TILA provides that creditors are liable for damages for violations of TILA in certain situations. 15 U.S.C. § 1640. It also provides, however, that any damages claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). In the Ninth Circuit, this limitations period runs from the date the loan transaction is consummated. *See King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).

Section 1635 of TILA also provides borrowers with a right to rescind certain loan transactions. A borrower's rescission right under section 1635 expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other

disclosures required under this part have not been delivered to the obligor[.]"  15 U.S.C. § 1635(f).
This three year limitations period is "absolute" and a borrower may not seek to rescind a loan
transaction after it has expired.  *See King*, 784 F.2d at 913 ("King's claim for rescission of the June
1979 loan is barred by the three-year absolute limitation on rescission actions set out in 15 U.S.C.
§ 1635(f).")  As with the period for damages actions, the limitations period for rescission claims
runs from the date the loan transaction is consummated.  *Id.*; 15 U.S.C. § 1635(f).

Plaintiff's FAC states unequivocally that the loan transaction at issue in this action
was consummated on November 19, 2004, making Plaintiff's deadlines for commencing damages
and rescission actions November 19, 2005 and November 19, 2007, respectively.  (FAC ¶ 12.)
Plaintiff met neither and his claims are therefore subject to dismissal with prejudice on statute of
limitations grounds.[1]

Even if Plaintiff's TILA claim was not time-barred, it is insufficiently pled.
Speaking broadly, TILA governs lenders' conduct in connection with the origination of consumer
credit transactions by, among other things, specifying disclosures all lenders must make in
connection with the making of such transactions.  TILA's purpose is to aid consumers in the
comparison of credit offers and to provide them with the information they need to make informed
decisions regarding the use of credit.  15 U.S.C. § 1601.

Plaintiff's TILA cause of action, however, does not appear to assert any claim with
respect to disclosures made in connection with the origination of the loan transaction at issue.
Instead, it focuses on events that occurred <u>after</u> the loan transaction was consummated.  (FAC
¶ 28.)  And, aside from his indiscriminate citation to "15 U.S.C. § 1611, et. seq.," Plaintiff does
not explain which sections of TILA's many provisions the alleged conduct violated nor how ASC
and US Bank are liable for such violations when Plaintiff admits neither had anything to do with
the original loan transaction.  (FAC ¶¶ 12, 28) ("on or about November 19, 2004, Plaintiff
CONNORS refinanced the property with a loan through Defendant HOME LOAN").  Plaintiff's

---

[1]  Even if Plaintiff had asserted his TILA claims in the state court action he commenced in June of this year, they still would not be timely.

1 FAC therefore fails to meet even the Federal Rules of Civil Procedure's liberal, notice pleading
2 standards. Instead, it leaves ASC and US Bank guessing at which sections of TILA may have
3 been violated and Plaintiff's theory for how liability for such violations may be imposed on them.
4 The Federal Rules require more and Plaintiff's TILA claim should be dismissed as a result.

B. <u>Plaintiff's Second Cause of Action for Violation of the Real Estate Settlement Procedures Act is Insufficiently Pled and Time-Barred</u>

Plaintiff alleges that defendants violated RESPA, 12 U.S.C. § 2605 et. seq.[2], by placing the loan for purposes of "unlawfully increasing and otherwise obtaining yield spread fees and amounts in excess of what would have been lawfully earned" and transferring the servicing contract for his loan, or the duties thereunder, without providing the required notice. (FAC ¶¶ 35-36.) Plaintiff contends these violations entitle him to rescind and/or cancel the loan. (Id. ¶ 37.)

Plaintiff's first claimed violation of RESPA is time-barred. A RESPA claim based on unlawfully increasing yield spread fees is a claim under 12 U.S.C. § 2607 and it is therefore subject to a one-year limitations period. 12 U.S.C. § 2614. Such claims accrue at closing when the fees are disclosed to the borrower and the borrower suffers the harm from the improperly increased fees and/or the increased interest rate he or she pays as a result of a mortgage broker's desire to increase his yield spread premium.[3] *See Bjustrom v. Trust One Mortgage Corp.*, 322 F.3d 1201, 1204 (9th Cir. 2003) (describing yield spread premiums as "lender-paid broker fees" and noting that they "are disclosed to a borrower on a HUD-1 Settlement Statement"). Plaintiff's claim, filed more than three and a half years after his loan closed, is well outside the one-year limitations period. *See e.g. Edwards v. First American Corp.*, 517 F. Supp. 2d 1199, 1204-05 (C.D. Cal. 2007) (discussing accrual of claims under section 2607 for referral-tainted settlement services).

Plaintiff's first RESPA claim also fails for the same reasons his TILA claims fail. Once again, Plaintiff fails to provide any explanation regarding how ASC and US Bank are

---

[2] Plaintiff has mistakenly cited this section as 26 U.S.C. § 2605 et. seq.
[3] A yield spread premium is essentially a fee paid to a mortgage broker for selling an interest rate above the par rate for which the borrower qualifies.

1  responsible for events that transpired when his loan was originated when he admits neither had
2  anything to do with the loan origination. (FAC ¶ 12.) This is insufficient notice under the Federal
3  Rules and his claim should be dismissed.

4       Plaintiff's second claimed RESPA violation is also insufficiently pled. For
5  instance, it is impossible to determine from Plaintiff's allegations whether he claims servicing of
6  his loan was transferred to ASC from another defendant without proper notice[4], from ASC to US
7  Bank without proper notice, from ASC to some other defendant without proper notice or some
8  combination thereof. More specificity is required – Plaintiff's allegations do not put ASC and US
9  Bank on notice regarding which servicing transfer Plaintiff challenges.

10       Finally, the relief Plaintiff requests, rescission and/or cancellation of the loan
11  transaction, is not available for a RESPA violation. *See* 12 U.S.C. 2615 ("Nothing in this chapter
12  shall affect the validity or enforceability of any sale or contract for the sale of real property or any
13  loan, loan agreement, mortgage, or lien made or arising in connection with a federally related
14  mortgage loan."); *In re Klinger*, 2007 WL 1795877 * 5 (Bankr. D. Conn. 2007) ("Moreover,
15  failure to comply with RESPA does not adversely affect the validity or enforceability of the
16  Note."); *Security Pacific National Bank v. Robertson*, 1997 WL 561235 * (Conn. Sup. Ct. August
17  28, 1997) (RESPA violations not a defense to a foreclosure action). Plaintiff's RESPA claim must
18  therefore be dismissed to the extent it seeks such impermissible relief.

19  C.     <u>Plaintiff's Third Cause of Action for Violation of HOEPA Must Also be Dismissed</u>

20       Plaintiff alleges that defendants violated 15 U.S.C. § 1602 et. seq. by placing and
21  administering the loan "without regard to Plaintiff's income or cash flow and with the intention of
22  inducing default." (FAC ¶ 42.) Although less than clear from Plaintiff's indiscriminate citation to
23  nearly the entire section of the United States Code that makes up TILA, Plaintiff appears to be
24  alleging that defendants violated 15 U.S.C. § 1639(h), which provides that "[a] creditor shall not
25  engage in a pattern or practice of extending credit to consumers under mortgages referred to in

26  ———————————
27  [4]     To the extent Plaintiff's claim is based on such a transfer, it too is time-barred because
         ASC has been servicing the loan for more than three years. 12 U.S.C. § 2614.
28

1  section 1602(aa) of this title based on the consumers' collateral without regard to the consumers'
2  repayment ability, including the consumers' current and expected income, current obligations, and
3  employment."  Loans covered by the HOEPA include mortgage loans secured by a consumer's
4  principal dwelling, other than a loan made to finance the dwelling's original construction or
5  acquisition, in which the loan's annual percentage rate of interest exceeds ten percent, or the total
6  points and fees payable by the consumer at or before the closing exceeds the greater of eight
7  percent of the total loan amount or $400.  15 U.S.C. § 1602(aa)(1)(A) & (B).  HOEPA claims are
8  subject to the same limitations periods applicable to TILA claims.  *See* 15 U.S.C. §§ 1635;
9  1639(j); 1640(e).

10  Plaintiff's HOEPA claim against ASC and US Bank fails for any number of
11  reasons.  First, he has not alleged sufficient facts to demonstrate that HOEPA applies to his
12  mortgage loan – such as facts regarding the loan's interest rate and/or points he paid at closing –
13  notwithstanding his conclusory allegation that "[o]n information and belief Plaintiff alleges that
14  the mortgage . . . falls within the purview 1602 et sec. [sic] commonly know as the Home
15  Ownership and Equity Protection Act of 1994."  (FAC ¶ 41); *Western Mining Council v. Watt*, 643
16  F.2d 618, 624 (9th Cir. 1981) (holding that legal conclusions need not be taken as true merely
17  because they are cast in the form of factual allegations); *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200
18  (9th Cir. 2003) (same).

19  Second, Plaintiff has not alleged that either ASC or US Bank extended credit to
20  him without regard for his income (let alone that they engaged in a pattern and practice of doing
21  so) nor can he since he admits he obtained his loan from another defendant.  (FAC ¶ 12.)  Reading
22  Plaintiff's complaint liberally, it appears he alleges ASC and US Bank are liable for having
23  "administered" his loan without regard to his income.  Yet, the plain language of the statute does
24  not make this a HOEPA violation.  15 U.S.C. § 1639 ("[a] creditor shall not engage in a pattern or
25  practice of <u>extending credit</u> to consumers under mortgages referred to in section 1602(aa) of this
26  title") (emphasis supplied).

27  Finally, Plaintiff's claim for damages, presumably brought pursuant to section
28  1640(e), is untimely for the reasons discussed above in section III(A).  Nor may Plaintiff amend to

plead a rescission claim as such a claim would also be time-barred for the reasons discussed in section III(A). Accordingly, Plaintiff's third cause of action should be dismissed with prejudice.

D. <u>Plaintiff's Fifth Cause of Action for Breach of Fiduciary Duty Must be Dismissed Because Lenders do not Owe Borrowers a Fiduciary Duty Under California Law</u>

Plaintiff's allegations that ASC and US Bank owe him a fiduciary duty and that they have somehow breached that duty are specious. Simply put, banks do not owe their borrowers a fiduciary duty as a matter of California law:

> It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." <u>The same principle should apply with even greater clarity to the relationship between a bank and its loan customers</u>.

*Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) (emphasis supplied); *see also Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 981 (1993) (rejecting a borrower's fiduciary duty claim and holding that in a normal lender-borrower relationship there is no fiduciary duty as a matter of law). Servicing a loan is obviously part of a bank's relationship with its loan customers – the fact that a lender may choose to contract with another entity to perform that function does not change that fact. Plaintiff's claims against ASC and US Bank for breach of fiduciary duty should therefore be dismissed with prejudice.

E. <u>Plaintiff's Sixth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing is Insufficiently Pled and Must be Dismissed</u>

To say that Plaintiff's allegations supporting his breach of the covenant of good faith and fair dealing claim are thin is to overstate their substance. Plaintiff's claim is supported solely by his allegation that "[o]n information and belief Plaintiff alleges that at all times mentioned herein there existed between Plaintiff and Defendants either a direct or implied contractual covenant of good faith and fair dealing requiring Defendants and each of them to safeguard and protect or otherwise care for the assets and/or rights of Plaintiff." (FAC ¶ 58.)

1  According to Plaintiff, defendants violated this duty by attempting to foreclose upon property
2  lawfully belonging to him without producing documents demonstrating their right to do so.  (Id.
3  ¶ 59.)  Plaintiff makes this claim despite the fact that he defaulted on his loan payments.

4  The covenant of good faith and fair dealing does not exist in a vacuum nor does it
5  impose obligations beyond those found in the contract from which it arises.  It is hornbook law
6  that "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with
7  the *express terms* of the contract and cannot be extended to create obligations not contemplated by
8  the contract."  *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004)
9  (emphasis in original) *quoting* 1 Witkin, Summary of Cal. Law, Contracts § 743, p. 449 (2003
10 supp.).  Nor does a lender violate the covenant of good faith and fair dealing when it seeks to
11 enforce its legal rights.  *Price*, 213 Cal. App. 3d at 479 (rejecting borrower's claim that the lender's
12 "hard line in repayment negotiations" violated the covenant of good faith and fair dealing).

13 Here, Plaintiff has not alleged how ASC's and/or US Bank's actions have violated
14 any contract between them, let alone identified the express terms that their conduct has allegedly
15 violated or how such conduct constitutes bad faith.  Instead, it appears Plaintiff is simply
16 challenging a lender's exercise of its foreclosure remedy upon his admitted default of his
17 obligations under the loan documents.  (FAC ¶¶ 19-20.)  He cannot do so under *Price* and his
18 claim should therefore be dismissed with prejudice.

### IV.
### CONCLUSION

For the foregoing reasons, ASC and US Bank respectfully request that the Court dismiss Plaintiff's first, second, third, fifth and sixth causes of action.

Dated:  August 13, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ J. Barrett Marum

J. BARRETT MARUM
Attorneys for Defendants America's Servicing Company and U.S. Bank, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 501 West Broadway, 19th Floor, San Diego, California 92101-3598.

On **August 13, 2008**, I served the following document(s) described as

**DEFENDANTS AMERICA'S SERVICING COMPANY AND U.S. BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [FRCP 12(b) (6)]**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICA'S SERVICING COMPANY'S AND U.S. BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested party(ies) in this action addressed as follows:

### Electronic Mail Notice List

**The following are those who are currently on the Court's list to receive e-mail notices for this case.**

| | |
|---|---|
| Thomas N Abbott<br>Pite Duncan LLP<br>P. O. Box 12289<br>El Cajon, CA  92022-2289<br>619.326.2459<br>Fax:  619.326.2430<br>tabbott@piteduncan.com | Attorney for Defendant<br>Cal Western Reconveyance Corp. |
| Janis L Turner<br>Law Offices of Janis L. Turner<br>2515 Camino del Rio South<br>Suite 242B<br>San Diego, CA  92108-3737<br>619.718.4800<br>Fax:  619.718.4815<br>jlt@janturnerlaw.com | Attorney for Plaintiff<br>Richard A. Connors |

**Also served on the interested party(ies) in this action as follows:**

W02-WEST:8JBM1\400977432.1             -1-

|   |   |
|---|---|
|   |   |

☐    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐    **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 619-234-3815. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☐    **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐    **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 13, 2008**, at San Diego, California.

_____
Michele McConnell

W02-WEST:8JBM1\400977432.1      -2-