UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. CONNORS,<br><br>                     Plaintiff,<br><br>v.<br><br>HOME LOAN CORP. dba EXPANDED<br>MORTGAGE CREDIT, *et al.*<br><br>                     Defendants. | Civil No. 08cv1134-L(LSP)<br><br>**ORDER GRANTING DEFENDANTS<br>MOTION TO DISMISS FIRST<br>AMENDED COMPLAINT [doc. #25]<br>and GRANTING LEAVE TO<br>AMEND** |

Defendants America's Servicing Company and U.S. Bank, N.A. (collectively "defendants") move to dismiss the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). [doc. #25] The motion has been fully briefed. For the reasons set forth below, defendants' motion is granted.

**LEGAL STANDARD**

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). But the court is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v.*

*Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim upon which relief may be granted. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a) (2), a plaintiff must do more than recite the elements of the claim and must "provide the grounds of [its] entitlement to relief." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (citations omitted). In addition, the pleading must not merely allege conduct that is conceivable, but it must also be plausible. *Id.* at 1974.

## DISCUSSION

**A.     Background**

Plaintiff Richard A. Connors ("Connors" or "plaintiff") filed this action on June 24, 2008, alleging that defendants had violated various federal statutes and state laws concerning his home mortgage loan. By defaulting on the loan, plaintiff's house was subject to foreclosure. Plaintiff sought a TRO to prevent defendants from foreclosing on his home on July 3, 2008. After two hearings, the Court granted a TRO, set an order to show cause hearing and required the filing of an amended complaint.

On July 3, 2008, plaintiff filed an amended complaint against the same defendants.[1] In the amended complaint, plaintiff alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 *et seq.*; Fair Debt Collections Practice Act, 26 U.S.C. § 1692; breach of fiduciary duty; breach of covenant of good faith and fair dealing; to quiet title; and for declaratory relief. Plaintiff did not dispute that he failed to make mortgage payments and was in default on the home loan.

On August 22, 2008, at the preliminary injunction hearing, the parties entered into an agreement on the record that would required plaintiff to make a payment of $10,000 and then

---

[1]     Defendants are Home Loan Corp. dba Expanded Mortgage Credit; Mortgage Electronic Registration Systems (MERS); U.S. Bank National Association as trustee for Credit Suisse First Boston Heat-205-2; America's Servicing Company ("ASC"); and Cal Western Reconveyance Corp.

make monthly mortgage payments. The agreement also continued the foreclosure of the home in order for the parties to continue working on a settlement of this case. Subsequently, the parties filed a joint motion vacating the temporary restraining order and denying as moot the motion for preliminary injunction. Although one settlement conference was held before the magistrate judge, a second conference was vacated based on plaintiff's failure to make payments as agreed.

Defendants ASC and U.S. Bank filed the present motion to dismiss [doc. #25] on August 13, 2008. Defendant Cal-Western Reconveyance Corp. entered into an agreement with plaintiff that it is not required to respond to any of the pleadings in this action, and is not required to appear at any hearings or the trial in this matter. (*See* Joint motion of non-monetary status as to Cal-Western Reconveyance Corp. at 2 [doc. #15].). Plaintiff has not filed separate returns of service with respect to defendants Home Loan Corp. or Mortgage Electronic Registration Systems.

**B.     Plaintiff's Causes of Action**

Defendants contend that plaintiff's claims under TILA, RESPA, HOEPA, breach of fiduciary duty, breach of the covenant of good faith and fair dealing are insufficiently pleaded, time-barred and/or not legally cognizable against ASC and US Bank.

**1.     TILA**

In the amended complaint, plaintiff asserts that defendants violated TILA when they did not "validate and otherwise make a full accounting and required disclosures as to the true finance charged and fees;" "improperly retained funds belonging to Plaintiff;" and refused to "disclose the status of the ownership of said loans." (FAC ¶ 28.)

A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. A plaintiff's cause of action for damages under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *King v. State of California*, 784 F.2d 910, 915 (1986). A debtor also has three days to rescind the transaction after it has been consummated, and up to three years to rescind the transaction if the required notice or material disclosures are not delivered. 12 C.F.R. § 226.23(a)(3); *see also* 15 U.S.C. § 1635(f).

It is undisputed that the loan transaction at issue was consummated on November 19, 2004. The deadline therefore for a damage action was November 19, 2005, and for a rescission action on November 19, 2007. The present case was filed on June 24, 2008 which makes the TILA claim for damages or rescission time barred.

But the Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 915 (9th Cir.1986); *Nava v. VirtualBank*, 2008 WL 2873406 at *3 (E.D. Cal. 2008). Courts have discretion to "adjust the limitations period accordingly." *Id.* Depending on the facts of the transaction, certain disclosures might not have been discovered within the one-year time period.

In the present case, plaintiff has not offered any facts demonstrating entitlement to equitable tolling and more importantly, plaintiff has not set forth any facts alleging defendants were involved with the initial disclosures about which plaintiff complains. For this reason, Defendants' motion to dismiss as to the TILA damages claim is granted without prejudice.

With respect to plaintiff's TILA claim for rescission, under 12 C.F.R. § 226.23, plaintiff's right to rescind the loan ends with the sale of the property. *See In re Walker*, 232 B.R. 725, 732 (Bankr. N.D. Ill. 1999) (holding "[o]nce there has been a final foreclosure sale of the borrower's principal residence and the redemption period has expired, the right to rescind will be terminated"); *Metcalf v. Drexel Lending Group*, No. 08-CV-0731, 2008 WL 2682851, at *2 (S.D. Cal. July 3, 2008) (noting "Plaintiff's claim for rescission also appears barred because the foreclosure sale already occurred").

Although not entirely clear from the record, it appears plaintiff's home has been sold. If that is the case, plaintiff's TILA claim for rescission is dismissed with prejudice. In the event the home has not been sold in foreclosure, plaintiff may amended his complaint in conformity with the above discussion.

**2.   RESPA**

Plaintiff's RESPA claim suffers from the same deficiencies as his TILA claim. First, it

appears that the claim is time barred.  The applicable statutes of limitations for claims brought pursuant to RESPA are found in 12 U.S.C. section 2614. "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." See 12 U.S.C. § 2614.

More importantly, defendants were not the originators of the mortgage loan.  Plaintiff fails to allege facts that would place responsibility on defendants for acts that occurred when the loan was originated.  The amended complaint therefore fails to state a RESPA claim against defendants and the claim will be dismissed with prejudice.

**3.    HOEPA**

Plaintiff alleges defendants' shortcomings in disclosures and loan servicing also amounts to violations of HOEPA.   But the HOEPA provisions only apply to mortgages secured by the consumer's principal dwelling if:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity ...; or (b) the total points and fees payable by the consumer at or before closing will exceed the greater of: (i) 8 percent of the total loan amount; or (ii) $400.

15 U.S.C. § 1602(aa)(1).  As Defendants correctly argue, plaintiff fails to allege his loan qualified for HOEPA's additional protections.

Also, plaintiff contends that defendants placed and administered the loan "without regard to Plaintiff's income or cash flow and with the intention of inducing default." (FAC ¶42.)  The FAC does not allege defendants extended credit to plaintiff and cannot do so because it is undisputed that defendants did not originate the loan.  This claim will also be dismissed but with prejudice.

**4.    Breach of Fiduciary Duty**

Although plaintiff asserts that defendants owed him a fiduciary duty and breached that duty, California law is clear that banks do not have a fiduciary duty to their loan customers.

*Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989). Defendants are entitled to dismissal with prejudice of this claim.

### 5. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff alleges that defendants violated the covenant of good faith and fair dealing by foreclosing on his home without producing documents he had requested that would demonstrate defendants' entitlement to foreclose on the property. Plaintiff does not allege that he is not in default on the loan. Because the FAC does not provide any factual basis for plaintiff's assertion that defendants' violated the contract between the parties, plaintiff has failed to state a claim under Rule 12(b)(6). Although the claim must be dismissed, it is dismissed without prejudice.

## C. Leave to Amend the Complaint

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Because the Court cannot determine that a second amendment of plaintiff's complaint would be futile in its entirety, plaintiff will be granted leave to file a second amended complaint. Plaintiff is advised that care should be exercised in determining whether or not to file an amended complaint.

Federal Rule of Civil Procedure 11 makes every signature on a pleading, motion, or other paper a certification of the merits of the documents signed and authorizes sanctions for a violation of the certification. Specifically, Rule 11 certification requires that any pleading, written motion, or paper presented to the court:

> (1) [ ] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) [ ] are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law for establishing a new law; [and/or]
> (3) [ ] have evidentiary support [for factual allegations], or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b)(1)-(3). Rule 11 places an affirmative duty on attorneys and litigants to make a reasonable investigation of the facts and the law before signing and submitting a

document to the Court. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Subjective bad faith is not necessary to impose sanctions under Rule 11. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986). The reasonableness of a position taken in a document is to be determined in light of the situation existing, and the facts known, at the time the pleading, motion, or other paper was signed, filed, or presented. *Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir. 1987).

A legal contention is not warranted by existing law if it is based on legal theories that are foreclosed by well-established legal principles and authoritative precedent, unless the advocate plainly states that he or she is arguing for a reversal or change of law. *Stewart v. American Int'l Oil & Gas. Co.*, 845 F.2d 196, 201 (9th Cir. 1986). The standard is violated if "no plausible, good faith argument can be made by a competent attorney to the contrary." *Zaldivar*, 780 F.2d at 833.

**D.  Conclusion**

Based on the foregoing, defendants' motion to dismiss the amended complaint is **GRANTED.** Plaintiff may file a second amended complaint in conformity with this Order within 10 days of the filing of this Order.

**IT IS SO ORDERED**.

DATED: December 11, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL