1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10
11   RICHARD A. CONNORS,                )   Civil No. 08cv1134-L(LSP)
                                        )
12              Plaintiff,              )   **ORDER GRANTING DEFENDANTS**
                                        )   **MOTION TO DISMISS SECOND**
13   v.                                 )   **AMENDED COMPLAINT [doc. #44]**
                                        )   **and DIRECTING ENTRY OF**
14   HOME LOAN CORP. dba EXPANDED       )   **JUDGMENT**
     MORTGAGE CREDIT, *et al.*          )
15                                      )
                Defendants.             )
16   _____        )

17        Defendants America's Servicing Company ("ASC") and U.S. Bank, N.A. ("U.S.

18   Bank")(collectively "defendants")[1] move to dismiss the second amended complaint ("SAC")

19   under Federal Rule of Civil Procedure 12(b)(6). [doc. #44] The motion has been fully briefed.

20   For the reasons set forth below, the Court enters its decision.

21                              **LEGAL STANDARD**

22        "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*

23   *Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).   A motion to dismiss under Rule

24   12(b)(6) tests the sufficiency of the complaint, *i.e.*, whether the complaint lacks a cognizable

25   _____

26        [1]     Although plaintiff's SAC lists in the caption all the defendants named in the
     original and first amended complaint, the sole remaining defendants are ASC, U.S. Bank, and
27   Cal Western Reconveyance Corp ("CWRC").  Plaintiff and CWRC entered into an agreement
     that provided: "CWRC [would] not be required to respond to any of the pleadings in this action,
     and will not be required to appear at any hearings, or the trial in this matter." (Joint Motion at 2 §
28   3. [doc. #15])  Defendant Home Loan Corp. dba Expanded Mortgage Credit has been dismissed
     from the action. (*See* Order filed January 30, 2009. [doc. #46])

                                                                                      08cv1134

legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 938 (9th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1974 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombley*, 127 S. Ct. 1965). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff bears the responsibility of providing the grounds of his entitlement to relief which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombley*, 127 S. Ct. at 1964-1965.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

Finally, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.*, facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2]("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). But in addition to the facts alleged in the complaint, the Court may consider documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino*, 146 F.3d at 705-706.

08cv1134

1

**DISCUSSION**

2

**A.    Background**

3

Plaintiff Richard A. Connors ("Connors" or "plaintiff") filed this action on June 24, 2008,

4

alleging that defendants had violated various federal statutes and state laws concerning his home

5

mortgage loan.  It is undisputed that plaintiff defaulted on the home mortgage loan and by

6

defaulting on the loan, plaintiff's house was subject to foreclosure.  Plaintiff sought a TRO to

7

prevent defendants from foreclosing on his home on July 3, 2008.  After two hearings, the Court

8

granted a TRO, set a hearing on plaintiff's motion for preliminary injunction and required the

9

filing of an amended complaint.

10

On July 3, 2008, plaintiff filed a first amended complaint ("FAC") against the same

11

defendants.[2]   In the FAC, plaintiff alleged violations of the Truth in Lending Act ("TILA"), 15

12

U.S.C. § 1640 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605;

13

the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1602 *et seq.*; Fair Debt

14

Collections Practice Act ("FDCPA"), 26 U.S.C. § 1692; the Rosenthal Fair Debt Collections Act

15

("R-FDCPA"), California Civil Code § 1788; breach of fiduciary duty; breach of covenant of

16

good faith and fair dealing; to quiet title; and for declaratory relief.  As noted above, plaintiff has

17

not disputed that he failed to make mortgage payments and was in default on the home loan.

18

On August 22, 2008, at the preliminary injunction hearing, the parties entered into an

19

agreement on the record requiring plaintiff to make a payment of $10,000 and then making

20

monthly mortgage payments.  The agreement also continued the foreclosure of the home in order

21

for the parties to work toward a settlement of this case.   Subsequently, the parties filed a joint

22

motion vacating the temporary restraining order and denying as moot the motion for preliminary

23

injunction.  Although one settlement conference was held before the magistrate judge, a second

24

conference was vacated based on plaintiff's failure to make payments as agreed.

25

Defendants ASC and U.S. Bank filed a motion to dismiss the FAC [doc. #25] on August

26

27

28

---

[2]      Defendants named in the FAC were Home Loan Corp. dba Expanded Mortgage Credit; Mortgage Electronic Registration Systems ("MERS"); U.S. Bank as trustee for Credit Suisse First Boston Heat-205-2; ASC; and CWRC.

13, 2008, contending that plaintiff's claims under TILA, RESPA, HOEPA, breach of fiduciary duty, breach of the covenant of good faith and fair dealing are insufficiently pleaded, time-barred and/or not legally cognizable.   The Court granted defendants' motion with prejudice as to plaintiff's TILA claim for rescission if the foreclosure sale had occurred; RESPA; and breach of fiduciary duty.  Plaintiff's claim for TILA damages and for breach of good faith and fair dealing were dismissed without prejudice. *See* Order filed December 11, 2008. [doc. #41]  Plaintiff was given leave to file a SAC and was advised that care should be exercised in determining whether or not to file an amended complaint because Rule 11 sanctions could be imposed.

Plaintiff filed a verified second amended complaint ("SAC") on December 26, 2008 [doc. #42] to which defendants ASC and U.S. Bank, N.A. seek dismissal.  Defendant Mortgage Electronic Registration Systems ("MERS") filed a notice of joinder in the pending motion to dismiss the SAC.[3]

**B.    Plaintiff's Causes of Action**

In the SAC, plaintiff brings claims under TILA for damages and rescission, RESPA, FDCPA, and state law claims for violation of R-FDCPA, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, to quiet title, and for violation of California Civil Code § 2923.6.   Plaintiff has not alleged a cause of action for wrongful foreclosure.

**1.    TILA**

Plaintiff asserts in the SAC that defendants violated TILA when they did not "validate and otherwise make a full accounting and required disclosures as to the true finance charged and fees;" "improperly retained funds belonging to Plaintiff;" and refused to "disclose the status of the ownership of said loans."  (SAC ¶ 33(a))   The TILA claim found in the SAC at paragraphs 31-37 is identical to that found in the FAC at paragraphs 26-32.  As noted above, the Court dismissed the TILA damage cause of action found in the FAC without prejudice as being time barred.   The Court also dismissed with prejudice the TILA rescission cause of action unless

---

[3]      The certificate of service for the SAC indicates that plaintiff served only CWRC, ASC, and U.S. Bank.  *See* Docket No. 42-9.  On May 15, 2009, defendant MERS joined in ASC's and U.S. Bank's motion to dismiss the SAC.  It is unclear whether MERS was actually served with the SAC.

08cv1134

1  plaintiff could allege that the property had not been sold.

2          As the Court noted in its prior Order, plaintiff's cause of action for damages under TILA

3  is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the

4  loan transaction is consummated.  *King v. State of California*, 784 F.2d 910, 915 (1986).   A

5  debtor also has three days to rescind the transaction after it has been consummated, and up to

6  three years to rescind the transaction if the required notice or material disclosures are not

7  delivered. 12 C.F.R. § 226.23(a)(3); *see also* 15 U.S.C. § 1635(f).  The Court found that based

8  upon the undisputed timing of the loan transaction as alleged in the FAC, plaintiff's TILA claim

9  for damages or rescission was time barred.  Although plaintiff had not raised the issue, the Court

10  noted that under Ninth Circuit law equitable tolling of a TILA claim for damages could be

11  appropriate in certain circumstances.  In dismissing the TILA damages claim in the FAC without

12  prejudice, the Court noted that "plaintiff has not offered any facts demonstrating entitlement to

13  equitable tolling.[4]  (Order filed December 11, 2008 at 4. [doc. #41])

14          Although a plaintiff does not need to specifically allege equitable tolling in a complaint,

15  plaintiff must provide the Court with some factual basis to support his belief that he is entitled to

16  equitable tolling.  As the Ninth Circuit noted: "The sole issue is whether the complaint, liberally

17  construed in light of our 'notice pleading' system, adequately alleges facts showing the potential

18  applicability of the equitable tolling doctrine." *Cervantes v. City of San Diego,* 5 F.3d 1273,

19  1277 (9th Cir. 1993).

20          "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to

21  obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202

22  F.3d 1170, 1178 (9th Cir. 2000).  The *Santa Maria* court also noted that "equitable tolling does

23  not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing.

24  Instead it focuses on whether there was some excusable delay by the plaintiff." *Id.*

25          The Court granted defendants' motion to dismiss the TILA damages claim without

26

27          [4]        In dismissing the TILA claim for damages, the Court also noted that plaintiff had
28  not set forth any facts alleging defendants were involved with the initial disclosures about which
   plaintiff complained.  Plaintiff has not addressed this issue in the SAC.

1    prejudice so that if plaintiff chose to submit a SAC, he could assert a factual basis in support of

2    his entitlement to equitable tolling.  Plaintiff has not alleged any facts in the SAC which, if

3    proved, would support the equitable tolling of his claims. *See Cervantes,* 5 F.3d at 1277.  Indeed,

4    plaintiff has entirely failed to provide any facts showing that equitable estoppel is even

5    potentially available to him.

6           Plaintiff was clearly advised of the deficiencies in the FAC and given an opportunity to

7    rectify those deficiencies in a SAC.  He did not do so. Although plaintiff seeks leave to file yet

8    another amended complaint, there is nothing in plaintiff's response in opposition to defendants'

9    motion to suggest that he would be able to make factual allegations concerning equitable tolling.

10   Because plaintiff is represented by counsel and has filed two amended complaints, the Court

11   finds that leave to file a third amended complaint in which to allege a TILA claim seeking

12   damages is unwarranted and this claim is dismissed with prejudice.

13          As discussed in the order dismissing the TILA claim for rescission, under 12 C.F.R. §

14   226.23, plaintiff's right to rescind the loan ends with the sale of the property.  *See In re Walker*,

15   232 B.R. 725, 732 (Bankr. N.D. Ill. 1999) (holding "[o]nce there has been a final foreclosure

16   sale of the borrower's principal residence and the redemption period has expired, the right to

17   rescind will be terminated"); *Metcalf v. Drexel Lending Group*, No. 08-CV-0731, 2008 WL

18   2682851, at *2 (S.D. Cal. July 3, 2008) (noting "Plaintiff's claim for rescission also appears

19   barred because the foreclosure sale already occurred").  Because it was not clear from the FAC

20   whether plaintiff's home had been sold, the Court ordered that if plaintiff's home had been sold,

21   plaintiff's TILA claim for rescission was dismissed with prejudice but in the event the home had

22   not been sold in foreclosure, plaintiff had leave to amend his complaint with respect to the TILA

23   rescission claim.

24          Plaintiff's SAC states that "[t]hereafter without further notice on or about September 26,

25   2008 Defendant completed a foreclosure sale on CONNORS home."  (SAC ¶ 30.)  Because

26   plaintiff's residence was sold, the right to rescind has ended and the TILA claim for rescission is

27   dismissed with prejudice.  The Court also notes that given the prior Order dismissing with

28   prejudice the TILA rescission claim if the house was sold, it was improper for plaintiff to state

that the house was sold and yet reallege the very same claim that was dismissed with prejudice. A dismissal with prejudice in federal court "bar[s] refiling of the same claim in" the same district court . . . ." *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506-07 (2001).

### 2. RESPA

RESPA concerns charges and disclosures occurring at or before the closing of a real estate sale or loan. The allegations in the FAC, however, dealt with the foreclosure of the property. In dismissing plaintiff's RESPA claim with prejudice, the Court found that on the face of the FAC, along with attached exhibits, it was clear that defendants were not the originators of the mortgage loan. Plaintiff failed to allege any facts that would place responsibility on defendants for acts that occurred when the loan was originated. The Court concluded that plaintiff would be unable to amend his complaint to allege a RESPA cause of action against defendants ACS and U.S. Bank and therefore, dismissed the claim with prejudice.

Although plaintiff was not given leave to file a SAC alleging a RESPA cause of action, he nevertheless did so and made the identical allegations found in the FAC. As noted above, once a claim has been dismissed with prejudice, plaintiff cannot reassert the same claim in an amended complaint. *See Semtek Int'l*, 531 U.S. at 506-07.

### 3. Fair Debt Collection Practices and the Rosenthal Fair Debt Collection Practices Acts

The FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The R-FDCPA incorporates the majority of the FDCPA. CAL. CIV. CODE § 1788.17. To be liable for a violation of the FDCPA or the R-FDCPA, the defendant must be a "debt collector" within the meaning of the Acts. *Heintz*, 514 U.S. at 294; CAL. CIV. CODE § 1788.2(c). A mortgage servicing company is not a debt collector within the meaning of the FDCPA. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Maguire v. Citicorp. Retail Svcs.*, 147 F.3d 232, 236 (2d Cir. 1998) (the FDCPA does not apply to creditors). The R-FDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection." CAL. CIV.

08cv1134

1   CODE § 1788.2.

2       The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection

3   of a debt within the meaning of the" FDCPA or the R-FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*,

4   195 F. Supp.2d 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from

5   efforts to collect funds from debtor); *Izenberg v. ETS Servs.*, LLC, 589 F. Supp.2d 1193, 1199

6   (C.D. Cal. 2008) (foreclosure does not constitute debt collection under the R-FDCPA).

7       Although plaintiff makes the legal conclusion that defendants attempted to collect a debt

8   from plaintiff, the facts alleged in the SAC unequivocally demonstrate that defendants were

9   foreclosing on the property and were not collecting a debt within the meaning of either the

10   FDCPA or R-FDCPA. *See Hulse*, 195 F. Supp.2d at 1204; *Izenberg*, 589 F. Supp.2d at 1199; *see*

11   *also, Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("the court is not

12   required to accept legal conclusions cast in the form of factual allegations").   Because

13   foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA or R-

14   FDCPA, plaintiff cannot state a claim even with further amendment to the complaint.

15   Accordingly, these claims are dismissed with prejudice and without leave to amend.

16       **4.    Breach of Fiduciary Duty**

17       In the SAC, plaintiff again asserts a breach of fiduciary duty claim notwithstanding the

18   Court's prior dismissal of the claim with prejudice.  California law is clear that banks do not

19   have a fiduciary duty to their loan customers. *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465,

20   476 (1989).  Plaintiff has wrongfully realleged this claim.

21       **5.    Breach of the Covenant of Good Faith and Fair Dealing**

22       Plaintiff alleges that defendants violated the covenant of good faith and fair dealing by

23   foreclosing on his home without producing documents demonstrating the lawful rights for the

24   foreclosure.  (SAC at 8, ¶ 60.)  This claim appeared in the FAC and was dismissed for failure to

25   state sufficient facts giving rise to this claim.  But plaintiff has merely reiterated the claim in the

26   SAC:

27           On information and belief Plaintiff alleges that the attempt to foreclose upon
        property lawfully belonging to Plaintiff without production of documents
28           demonstrating the lawful rights for said foreclosure constitutes a breach of the said

1    covenant of good faith and fair dealing.

2  (SAC at 8, ¶60.)

3       Under California law, every contract "imposes upon each party a duty of good faith and

4  fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal.

5  App.4th 784, 798 (Ct. App. 2008).  But tort recovery for breach of the covenant, like that at issue

6  here, "is available only in limited circumstances, generally involving a special relationship

7  between the contracting parties." *Bionghi v. Metro. Water Dist.*, 70 Cal. App.4th 1358, 1370

8  388 (Ct. App. 1999).  California courts have "reject[ed] ... [parties'] argument[s] that the tort

9  doctrine which has been extended only to situations where there are unique fiduciary-like

10 relationships between the parties, should encompass normal commercial banking transactions."

11 *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App.3d 726, 729 (Ct. App. 1989).

12      Plaintiff has failed to assert or differentiate the roles and functions of defendants ASC and

13 US Bank.   Plaintiff has not pleaded the existence of a contract between himself and ASC.  If

14 ASC is a loan servicer, ASC is not a party to the Deed of Trust itself.  *See Lomboy v. SCME*

15 *Mortg. Bankers*, 2009 WL 1457738, *5 (N.D. Cal., May 26, 2009)(citing *Ruff v. America's*

16 *Servicing Co.*, 2008 U.S. Dist. LEXIS 33447, at *10 (W.D. Pa. Apr. 23, 2008) (holding that

17 servicer "was not a party to the mortgage").  Plaintiff has failed to plead any facts that might

18 constitute an agreement or meeting of the minds between these two parties, and thus cannot

19 establish an implied contract.  *See Div. of Labor Law Enforcement v. Transpacific Transp. Co.*,

20 69 Cal. App.3d 268, 275 (Ct. App. 1977).

21      Similarly, plaintiff has not pointed to a contractual relationship between himself and US

22 Bank.  To the extent US Bank could be considered a lender, in California, a plaintiff may not

23 recover for a breach of an implied covenant, absent a "special relationship" between the

24 borrower and lender. *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d

25 944, 955 (9th Cir. 2002); *see also, Mitsui Mfrs. Bank*, 212 Cal. App.3d at 730.  Such a

26 relationship does not typically exist between a lender and a borrower.  *See Nymark v. Heart Fed.*

27 *Savings & Loan Assn.*, 231 Cal. App.3d 1089, 1096 (Ct. App. 1991) ("[A]s a general rule, a

28 financial institution owes no duty of care to a borrower when the institution's involvement in the

1   loan transaction does not exceed the scope of its conventional role as a mere lender of money.").

2          Plaintiff fails to address any of these issues in his opposition to the motion to dismiss just

3   as he did not plead facts essential to support a cause of action for breach of an implied covenant

4   against either defendant. *See Robertson*, 749 F.2d at 534 (9th Cir. 1984). Because plaintiff was

5   given an opportunity to provide relevant facts concerning this cause of action but merely

6   repeated the language of the FAC, plaintiff will not be given leave to amend the complaint a

7   third time. The breach of the implied covenant of good faith and fair dealing is dismissed with

8   prejudice.

9          **6.      Quiet Title**

10         In his SAC, plaintiff asserts a claim for quiet title that is identical to the previously

11  dismissed quiet title claim found in the FAC. The purpose of a quiet title action is to determine

12  "all conflicting claims to the property in controversy, and to decree to each such interest or estate

13  therein as he may be entitled to." *Newman v. Cornelius*, 3 Cal. App.3d 279, 284 (1970) (internal

14  citation omitted).

15         California Code of Civil Procedure section 760.010 provides for an action "to establish

16  title against adverse claims to real or personal property or any interest therein," and section

17  761.020 mandates a verified complaint that includes:  1. A legal description and street address of

18  the subject real property; 2. The title of plaintiff as to which determination is sought and the

19  basis of the title;  3. The adverse claims to the title of the plaintiff against which a determination

20  is sought;  4. The date as of which the determination is sought; and  5. A prayer for the

21  determination of the title of the plaintiff against the adverse claims.

22         Although the SAC is verified, the quiet title claim merely attacks the foreclosure process

23  and does not address a legitimate title dispute. Further, in order to allege a cause of action to

24  quiet title, plaintiffs must allege tender or offer of tender of the amounts admittedly borrowed.

25  *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984) (in order to quiet title

26  after a trustee's sale, a plaintiff must allege and prove tender of the full amount of the debt for

27  which the real property served as security). In the absence of allegations of ability to tender

28  indebtedness and foreclosure irregularities, plaintiff's quiet title claim fails.

Further, a plaintiff is required to name the "specific adverse claims" that form the basis of the property dispute. *See* CAL. CODE CIV. PROC. § 761.020, cmt. at ¶ 3. None of the allegations in the SAC shows any adverse claims brought by defendants.

Finally, plaintiff has not alleged any fraudulent conduct which might serve as a basis for the cause of action.[5]  Under California law, a trustee's foreclosure sale under a deed of trust is presumed valid. *Sierra-Bay Fed. Land Bank Ass'n v. Superior Court,* 227 Cal. App.3d 318, 336, (Ct. App.1991).  Therefore, upon the sale of the property, title to the property was transferred and plaintiff has no adverse claim to the property.

The Court notes that plaintiff has not substantively addressed this issue in his response in opposition to defendants' motion to dismiss.  This lack of a response to defendants' arguments appears to be a consent to dismissing this cause of action for failure to state a claim.  Ordinarily, plaintiff would be granted leave to amend the complaint but because there are no remaining claims that could support a finding that the foreclosure was wrongful, plaintiff will not be able to amend to state a quiet title claim. *See McElroy v. Chase Manhattan Mortg. Corp.,* 134 Cal. App.4th 388, 393 (Ct. App. 2005).  This claim is dismissed with prejudice.

**7.    California Civil Code § 2923.6**

Plaintiff alleges for the first time in the SAC that defendant U.S. Bank has failed to make good faith efforts to attempt to make a "mortgage workout plan" in violation of California Civil Code  § 2923.6.

Section § 2923.6 provides in relevant part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

---

[5]      For example, plaintiff has not alleged an irregularity in the trustee's sale of the property.  "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (2d Dist. 1984). Nowhere in the SAC does plaintiff allege any ability to tender the loan proceeds.

(1) The loan is in payment default, or payment default is reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification or plan is consistent with its contractual or other authority.

CIV. CODE § 2923.6(a) and (b).

The intent of the statute is to help curb the wave of foreclosures and is meant to assist borrowers. Nevertheless, the statute does not require an offer of a loan modification to the borrower or that the mortgagee, beneficiary, or authorized agent must accept a suggested modification proposed by the borrower.

Further, defendants contend the statute does not provide a private right of action to individual plaintiffs. The Court concurs. "A statute creates a private right of action only if the enacting body so intended." *Grodensky v. Artichoke Joe's Casino*, 171 Cal. App.4th 1399, 1420 (Cal. App. 1 Dist. 2009)(citing. *Moradi-Shalal v. Fireman's Fund Ins. Companies* , 46 Cal.3d 287, 305 (1988). "When the Legislature intends to create a private right of action, it will do so 'directly' and 'in clear, understandable, unmistakable terms.'" *Id.* (quoting *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.,* 70 Cal. App.4th 55, 62 (1999)). The statute here does not suggest that there is a private right of action with respect to California Civil Code § 2923.6.

In his response to defendants' motion, plaintiff does not address this issue in any manner. The Court construes the lack of response to be a waiver of the issue and therefore, dismisses this cause of action with prejudice.

**8.    Holder Of The Promissory Note**

Finally, plaintiff premises all of his claims on his lack of knowledge concerning who holds the promissory note at issue and therefore, in the absence of such information, the foreclosure sale was improper.

"If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that

the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal. App.4th 428, 440 (2003). The California Court of Appeal has explained non-judicial foreclosure

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien*, 25 Cal. App.4th 822, 834 (1994).

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. Under California Civil Code section 2924(b)(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale." *Moeller*, 25 Cal.App.4th at 830.

Further, "[u]nder Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing CAL. CIV.CODE § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." *Moeller*, 25 Cal. App.4th at 830.

Because the SAC makes no allegations as to irregularities that would preclude a non-judicial foreclosure, dismissal of all claims premised on a theory that identification of whom holds the note is warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**D.     Conclusion**

Based on the foregoing, defendants' motion to dismiss the second amended complaint is **GRANTED WITH PREJUDICE.**   The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this Order.

**IT IS SO ORDERED**.

DATED:  May 9, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

08cv1134